**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**HYRUM BAQUEDANO RODRIGUEZ,**
**A# 215 648 561,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv833**

**NEY HIDALGO,**
***Caroline Detention Facility*,**

**RUSSELL HOTT,**
***ICE Washington Field Office et al.***

**Respondents.**

## OPINION AND FINAL ORDER

This matter was initiated by Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se Petitioner Hyrum Baquedano Rodriguez ("Petitioner" or "Rodriguez"). Pet. (ECF No. 1).[1] Rodriguez is an immigration detainee currently being housed at Caroline Detention Facility. His Petition alleges he is unlawfully subject to mandatory immigration detention awaiting removal under 18 U.S.C. § 1231. He seeks release from custody, or a bond hearing claiming his detention has become sufficiently prolonged to raise due process concerns. Id. at 15-22.

Respondents opposed the Petition, arguing that Rodriguez was still subject to mandatory detention under 8 U.S.C. § 1231, as he is subject to a final removal order, and his removal is reasonably foreseeable. Fed. Resp'ts' Resp. to Pet. ("Resp'ts' Opp'n") (ECF No. 9, at 6-11). Respondents argue that Rodriguez's detention is lawful under 8

---

[1] Based on the parties' consent to jurisdiction the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (ECF No. 12).

U.S.C. § 1231 pending his removal to his home country of Honduras, and that absent the pending habeas proceedings, Rodriguez would likely be removed to his home country. Id. at 6. The Opposition included a declaration from U.S. Immigration and Customs Enforcement ("ICE") Acting Assistant Field Office Director Justin Richardson outlining Rodriguez's criminal history and present immigration claims. Richardson Decl. (ECF No. 9-1). The Richardson Declaration describes Rodriguez's criminal convictions from 2022-25, as well as his immigration proceedings following entry of a final order of removal in 2025. Id. ¶¶ 10-21 (ECF No. 9-1, at 4-5). The court advised Rodriguez, by written order, of his right to respond to the Opposition, the timeline for doing so, and the possible consequences of not responding. Notice (ECF No. 10). Rodriguez filed no response, and the time for responding has now expired.

The Richardson Declaration originally accompanying Respondents' Opposition identifies Rodriguez as a 27-year old native and citizen of Honduras who was originally encountered in Arizona on August 25, 2018. Richardson Decl. ¶¶ 5-6 (ECF No. 9-1, at 3). He was released on bond and thereafter filed an Application for Asylum and Withholding of Removal in the Immigration Court. Id. ¶¶ 7-9. Thereafter, Director Richardson asserts:

> On November 9, 2021, Petitioner was arrested by the Fairfax County Police Department for Felony Indecent Liberties: Expose Genitals to Child in violation of Va. Code Ann. § 18.2-370.
>
> On October 7, 2022, the Fairfax County Juvenile Domestic Relations Court in Fairfax, Virginia, convicted Petitioner of Misdemeanor Disorderly Conduct in violation of Va. Code Ann. § 18.2-415 and Misdemeanor Contributing to the Delinquency of a Minor in violation of Va. Code Ann. § 18.2-371. Petitioner was sentenced to 12 months incarcerated.

On July 22, 2022, Petitioner was arrested by the Fairfax County Police Department for Statutory Burglary in violation of Va. Code Ann. § 18.2-91 and Petit Larceny in violation of Va. Code Ann. § 18.2-96.

On September 27, 2022, the Fairfax County General District Court in Fairfax, Virginia, convicted Petitioner of Misdemeanor Entering Property with Intent to Damage in violation of Va. Code Ann. § 18.2-121. Petitioner was sentenced to 6 months incarcerated.

On November 23, 2022, Petitioner was arrested by the Fairfax County Police Department for Felony Burglary in violation of Va. Code Ann. § 18.2-89.

On March 8, 2023, the Fairfax County General District Court in Fairfax, Virginia, convicted Petitioner of Misdemeanor Entering Property with Intent to Damage in violation of Va. Code Ann. § 18.2-121. Petitioner was sentenced to 12 months incarcerated.

On June 17, 2023, Petitioner was arrested by the Fairfax County Police Department for Felony Abduction in violation of Va. Code Ann. § 18.2-48, Felony Burglary in violation of Va. Code Ann. § 18.2-89.

On May 13, 2024, Petitioner's bond was cancelled and returned to the obligor per conditions of the bond contract. Petitioner was in local custody for more than 30 days requiring bond cancellation.

On May 2, 2025, the Fairfax County General District Court in Fairfax, Virginia, dropped the charges. Petitioner was released from local custody and immediately taken into civil immigration custody.

On September 18, 2025, Petitioner appeared for an Individual Hearing on before an Immigration Judge in Annandale, Virginia. After hearing the merits of his application for relief, the Immigration Judge ordered Petitioner removed to Honduras. Petitioner reserved appeal.

On October 9, 2025, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA").

On June 22, 2026, the BIA dismissed Petitioner's appeal, making his removal order administratively final.

On July 7, 2026, Petitioner filed a Petition for Review and Motion for Stay of Removal before the U.S. Court of Appeals for the Fourth Circuit.

On July 17, 2026, the U.S. Court of Appeals for the Fourth Circuit denied Petitioner's Motion for Stay of Removal. The Petition for Review remains pending.

> On August 3, 2026, Petitioner filed a Motion to Reopen at the BIA. The motion remains pending.
>
> Due to the currently pending habeas petition and the District Court's resulting Order to Show Cause, ICE's removal efforts have paused. Absent the underlying habeas petition, ICE would continue to pursue Petitioners removal to Honduras.

Richardson Decl. ¶¶ 10-25-16 (ECF No. 9-1, at 4-6).

After reviewing the briefing on Respondents' motions and attached exhibits, including the Richardson Declaration which stands uncontradicted, I conclude that Rodriguez is presently lawfully detained under 8 U.S.C. § 1231, and the allegations in his Petition do not contradict the sworn evidence supporting the Government's Opposition or meet his burden to demonstrate that his removal to Honduras is not reasonably foreseeable. Accordingly, his continued detention does not state grounds for relief under 28 U.S.C. § 2241 at this time.

Federal courts may grant a writ of habeas corpus to any person "in custody in violation of the Constitution, laws, or treaties of the Unites States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" Luna Sanchez v. Bondi, No. 1:25-CV-18888, 2025 WL 3191922, at 82 (E.D. Va. Nov. 14, 2025) (quoting I.N.S. v. St. Cyr, 533 U.S. 289, 301 92001)). Habeas is "regularly invoked on behalf of noncitizens." Id. (quoting Quispe-Ardiles v. Noem, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted).

Pursuant to the Due Process Clause of the Fifth Amendment, no *person* shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Due Process Clause extends to *all* persons, including "aliens, whether their presence

here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "As the Supreme Court has recognized, 'habeas corpus in the federal courts provides a mode for the redress of due process of law. Vindication of due process is precisely its historic office.'" Castaneda v. Perry, 95 F.4th 750, 762 (4th Cir. 2024) (citing Fay v. Noia, 372 U.S. 391, 402 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977)).

After an order of removal becomes final, the Attorney General "shall detain the alien" during the ninety-day removal period established under 8 U.S.C. § 1231(a)(2). Zadvydas v. Davis, 533 U.S. 678, 683 (2001). "Section 1231 governs the detention and removal of aliens subject to administrative final orders of removal, including reinstated orders of removal." Castaneda, 95 F.4th at 754.

The 90-day removal period under 8 U.S.C. § 1231 begins on the latest of three dates: (1) the date the order becomes administratively final; (2) if the removal is judicially reviewed and the court orders a stay of the removal, the date of the court's final order; and (3) if the individual is detained or confined, the date of his release. 8 U.S.C. § 1231(a)(1)(B). But upon the lapse of the 90-day removal period, the government must "subject [the non-citizen] to [an order of] supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3). In Rodriguez's case, mandatory detention is proper for at least some period of time under 8 U.S.C. § 1231(a)(1)(B)(i) and (a)(2), following the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001).

In Zadvydas v. Davis, the Supreme Court recognized the "serious constitutional concerns" arising from "indefinite detention" under § 1231. 533 U.S. at 682. The Court held that § 1231 authorizes post-removal-period detention only for "a period reasonably

necessary to bring about [the] alien's removal from the United States." Id. at 689; see also 8 U.S.C. § 1231(a)(6). It further concluded that a "reasonably necessary" period is presumptively six months. Zadvydas, 533 U.S. at 701; Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation."). After the presumptively reasonable six-month period, the burden shifts to the detained individual to demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

The Richardson Declaration updated the record on the status of Rodriguez's immigration proceedings as of that date. It established that as of June 22, 2026, Rodriguez was subject to an order of removal following proceedings re-instituted as a result of his criminal convictions. Petitioner appealed the Immigration Judge's decision, but the BIA dismissed his appeal making the removal order administratively final. See Richardson Decl. ¶ 19-21 (ECF No. 9-1, at 5); 8 C.F.R. §§ 1003.38, 1241.1(c). Rodriguez then sought review in the Fourth Circuit, also requesting a stay of removal. The Fourth Circuit denied his request to stay removal, and his request for review remains pending. Id. ¶¶22-23.

Rodriguez filed no response to the Opposition and therefore does not dispute that he is subject to a final order of removal, or that his detention under § 1231 began on June 22, 2026. Nor does he dispute Respondents' contention that removal to Honduras is paused solely as a result of the pending habeas proceedings Although his briefing generally cites to Matthews v. Eldridge, 424 U.S. 319 (1976), he also acknowledges that

the bounds of due process under § 1231 are fixed by Zadvydas. Pet (ECF no. 1, at 13-16).

At the time of the Richardson Declaration, dated September 3, 2026, Rodriguez had been detained awaiting removal less than the 90-day period authorized by statute. Since then, although Rodriguez has apparently remained detained an additional two months, his detention still does not implicate the due process concerns raised by Zadvydas because it is less than the presumptively reasonable six-month period authorized by the Supreme Court. Moreover, Rodriguez has not attempted to rebut the United States' assertion that his removal is imminent, and only prevented by the pending habeas corpus proceedings. The due process concerns which animate Zadvydas arise when pre-removal detention becomes indefinite—with "no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. And Rodriguez is unable to show that his removal to Honduras is not reasonably foreseeable.

At present, there appears to be no further impediment to Rodriguez's removal. Indeed, according to the Government, and not contested by Rodriguez, the only reason he was not removed is that proceedings have been paused as a result of this court's prior orders. Richardson Decl. ¶ 25.

To the extent Rodriguez's petition can be construed as a collateral challenge to his removal proceedings, this court lacks jurisdiction under 8. U.S.C. § 1252(g) to review those claims. See Pet'r Reply (ECF No. 9, at 1). Congress has established that federal district courts lack jurisdiction to review collateral attacks on removal. See Joshua M. v. Barr, 439 F. Supp. 3d 632, 666-68 (E.D. Va. 2020) (noting that district courts have a "limited" "ability to review habeas petitions challenging removal orders"). Instead,

Petitioner must directly appeal a BIA determination in one of the federal courts of appeal. See, e.g., id.; Igwebuike v. Caterisano, 230 F. App'x 278, 281 (4th Cir. 2007). This court has no power to resolve Petitioner's claims seeking cancellation of removal. Doe v. Mayorkas, No. 120-cv-618, 2021 WL 2336596, at *5 (E.D. Va. June 7, 2021).

Because Rodriguez failed to meet his burden to demonstrate that his removal is not reasonably foreseeable, and his detention has not yet become indefinite, the motion to dismiss set out in Respondents' Opposition (ECF No. 9) is SUSTAINED and Rodriguez's Petition (ECF No. 1) is DISMISSED, without prejudice. Should the circumstances of Rodriguez's detention continue, notwithstanding his cooperation with efforts to remove him to Honduras, he could refile the claim at that time.

**If Petitioner intends to appeal this Final Order, he must within sixty (60) days from the date of this Order, file a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Frayer v. Warden, FCI Beckley, No. 23-6054, 2023 WL 3268719, at *1 (4th Cir. May 5, 2023) ("When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order.").**

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

November 9, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Hyrum Baquedano Rodriguez**
**215 648 561**
**Caroline Detention Facility**
**P.O. Box 1460**
**Bowling Green, VA 22427**

and an electronic copy was provided to:

**Sean Douglas Jansen**
**United States Attorney's Office - Norfolk**
**101 W Main St**
**Suite 8000**
**Norfolk, VA 23510**

Laura G. Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

November 9, 2026